IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL ALVAREZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CORELOGIC NATIONAL BACKGROUND DATA, LLC | : | NO. 18-1234 |

MEMORANDUM

Bartle, J.                                                    July 5, 2018

      Plaintiff Daniel Alvarez has filed this action against defendant CoreLogic National Background Data, LLC ("CoreLogic") for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. Before the court is the motion of defendant to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff thereafter filed an unopposed motion to transfer this action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406(a).

      CoreLogic maintains a nationwide database of public records. It then sells access to this information to background screening companies that have been engaged by employers to conduct background screenings on prospective employees. Alvarez alleges that, in or about 2008, he applied to be an adjunct professor at Manor College in Jenkintown, Pennsylvania. After an interview, Alvarez was informed that he would be hired pending a standard background screening process. Thereafter,

the college retained ADP Screening and Selection Services, Inc. ("ADP") to conduct a background check on Alvarez.  ADP, in turn, contracted with CoreLogic to search its database for records on Alvarez.

Weeks passed and the college did not contact Alvarez or return his calls.  For reasons unbeknownst to him, Alvarez did not receive the position at Manor College.  In January 2018, Alvarez learned through notice of a class action filed against CoreLogic that, back in 2008, CoreLogic had incorrectly reported to ADP that Alvarez had a prior conviction for a sex-related offense.  Alvarez opted out of the class action and thereafter filed the instant complaint.

A federal district court presiding over a diversity action may assert personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state.  D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009). Pennsylvania law provides for jurisdiction coextensive with that allowed by the due process clause of the United States Constitution.  42 Pa. Cons. Stat. Ann. § 5322(b).

We may exercise personal jurisdiction over a nonresident defendant based on either general jurisdiction or specific jurisdiction.  "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with

the forum state" without regard to where the cause of action arose. Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.8 (1984)). Specific jurisdiction may be invoked when "the claim arises from or relates to conduct purposely directed at the forum state." Id.

With regard to general jurisdiction over a corporation, the Supreme Court has instructed that such jurisdiction typically arises only in "the place of incorporation and the principal place of business." Daimler AG v. Bauman, 571 U.S. 117, 137-39 (2014). CoreLogic is organized in the state of Delaware and maintains its principal place of business in Texas. As a result, it is not subject to general jurisdiction in this district.

Nor is it subject to specific jurisdiction here. CoreLogic performed the background check on Alvarez on behalf of its client ADP, which is based in New Jersey. CoreLogic then submitted to ADP its information on Alvarez through electronic means. It had no contact with Alvarez or his prospective employer Manor College in Pennsylvania. CoreLogic maintains no employees or offices in Pennsylvania. Under these circumstances, CoreLogic has not purposefully directed its activities at this forum. See BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000). The fact

-3-

that CoreLogic is alleged to have caused harm to Alvarez in Pennsylvania is insufficient on its own to establish personal jurisdiction over CoreLogic.  See Marten, 499 F.3d at 297.

Since this court lacks personal jurisdiction over CoreLogic, venue is improper.  See 28 U.S.C. §§ 1391(b), (c) & (d).  Recognizing this deficiency, Alvarez has moved to transfer this action to the United States District Court for the District of Delaware where CoreLogic is subject to personal jurisdiction because Delaware is CoreLogic's state of incorporation.  Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Such a transfer, to which CoreLogic agrees, is in the interest of justice.  See Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962)).

Accordingly, we will grant the unopposed motion of Alvarez to transfer this action to the District of Delaware.  We will deny as moot the motion of CoreLogic to dismiss for lack of personal jurisdiction.